IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELORES PARENTE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-CV-1004-SMY-DGW |
| | ) |
| **THF GLEN CARBON DEVELOPMENT, L.L.C., et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir.2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pled diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

### Background

On September 10, 2015, Plaintiff Delores Parente filed suit against Defendants THF Glen Carbon Development, LLC, TKG Management, Inc. d/b/a The Kroenke Group and Cato Corporation alleging she sustained personal injuries after tripping on concrete steps located outside the Cato store at Cottonwood Plaza, 300 Junction Drive, Glen Carbon, Illinois (Doc. 1-1). The lawsuit was originally filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. On October 12, 2015, Defendants THF Glen Carbon Development, LLC and TKG Management, Inc. removed the case to this Court (*see Parente v. THF Glen Carbon Development, LLC*, Case No. 15-CV-1126-SMY, Doc. 1). Following *sua sponte* review, this

Court remanded the case back to state court on February 11, 2016 (*see Parente v. THF Glen Carbon Development, LLC*, Case No. 15-CV-1126-SMY, Doc. 17).  On September 2, 2016, Defendants THF Glen Carbon Development, LLC and TKG Management, Inc. again removed the case to this Court alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.

## Discussion

A civil action may be removed to federal court if the district court has original jurisdiction.  28 U.S.C. § 1441.  Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006).  The amount in controversy stated in the plaintiff's complaint generally controls, unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006).  If the complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence. *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

Jurisdictional facts must be established by a preponderance of the evidence. *Meridian*, 441 F.3d at 540.  Further, the removing party's burden is to show "what the plaintiff hopes to get out of the litigation." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands.").  When the plaintiff provides

2

little information about the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004)).

The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*

In this case, Plaintiff's Complaint seeks a judgment "in an amount in excess of $50,000.00, but less than $75,000.00" (Doc. 1-1). Defendants assert that the amount in controversy exceeds $75,000 based on Plaintiff's medical bills totaling $36,000 and Plaintiff's refusal to provide an affidavit attesting that the amount in controversy does not exceed $75,000 (Doc. 1, p. 4). Defendants contend that Plaintiff's failure to sign the affidavit is sufficient grounds for removal pursuant to *Oshana v. Coca-Cola Co*., 472 F.3d 506 (7th Cir. 2006).

In *Oshana*, the plaintiff sought actual damages, disgorgement of the defendant's profits, and attorney's fees. *Id*. at 512. The Seventh Circuit noted that the defendant's profits during the relevant time period were in the millions. *Id*. The Court found it "doubtful" the plaintiff could have recovered *all* the profits, but when it considered that the plaintiff was also seeking attorney's fees and compensatory damages, her refusal to declare that the combination of recoveries would not exceed $75,000 "raised the reasonable inference that it would." *Id.* The Court also noted that the statute under which the plaintiff was suing permitted punitive damages as well and that she could have amended her complaint to include those. *Id*. Based on the

plaintiff's request for disgorgement of profits, compensatory and punitive damages and attorney's fees as well as her refusal to attest that she would not seek in excess of $75,000, the Court held that it was "plausible that more than $75,000 was at stake." *Id*. However, the Seventh Circuit did not find the inference from the plaintiff's refusal to attest that she would not seek in excess of $75,000 dispositive. *Id*. at 512 (noting that a refusal to stipulate merely "worked against" a plaintiff seeking remand).

Here, Plaintiff is not seeking disgorgement of potentially millions of dollars in profits with the possibility of punitive damages. Rather, her total medical expenses are $36,000. Although Plaintiff alleges she will be required to expend "large sums of money in securing medical care and treatment for her injuries" and that she will "continue to suffer physical pain and suffering" and "disability and impairment in her activities of daily living," the Complaint specifically prays for damages in amount less than $75,000.00 (Doc. 1-1, pp. 5-6). These allegations, even coupled with medical bills totaling $36,000, are insufficient to establish the amount in controversy. *See McMillian v. Sheraton Chi. Hotel & Towers,* 567 F.3d 839, 844–45 (7th Cir. 2009) (finding claims for "future medical expenses" and "pain and suffering" could not account for jurisdictional shortfall without competent proof).

Given that Defendants have produced medical bills totaling only $36,000 and have not provided the Court with any competent evidence indicating that the amount in controversy actually exceeds $75,000, Defendants have failed to provide the Court with a plausible basis for concluding that the amount in controversy exceeds the jurisdictional requirement.

There are several other deficiencies in Defendants' Notice of Removal requiring remand. First, the law of this Circuit provides that if a party is an LLC, its citizenship depends on the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics*, LLC, 675 F.3d 1040,

4

1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen").  As to Defendant THF Glen Carbon Development, L.L.C., the Notice of Removal does not disclose the identity of each member or each member's citizenship.  In addition, there is no indication that Defendant Cato Corporation, who has been served, consented to the removal.  It is well established that all defendants must either join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. § 1446.  *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).  The failure of all defendants to join or consent is a "defect in the removal procedure" within the meaning of 28 U.S.C. § 1447(c).

Accordingly, this Court does not have proper subject matter jurisdiction over this case and is again obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:  December 8, 2016**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**